UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| ILIRJAN BIDA,<br>   Plaintiff,<br>v.<br>SHARON JOHNSON<br>   Defendant. | Civil Action No. 2:15-CV-7952-SCM<br><br>**OPINION**<br><br>December 19, 2016 |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Defendant Sharon Johnson's ("Ms. Johnson") Motion for Summary Judgment.[1] This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and has considered the parties' submissions. Venue is proper pursuant to 28 U.S.C. § 1391(b). For the reasons stated herein, the Court **grants** Ms. Johnson's motion for summary judgment.

## I. BACKGROUND AND PROCEDURAL HISTORY

The present action arises from a case that originated in the Superior Court of New Jersey Law Division, Special Civil Part, and a subsequent settlement agreement.[2] In 2012, Ms. Johnson sued Plaintiff, Ilirjan Bida (hereinafter "Mr. Bida"),[3] and he filed a countersuit.[4] On August 17, 2012, the parties, both New Jersey residents, signed a settlement agreement that released Mr. Bida from Ms. Johnson's claim of $13,156.23 for an agreed to amount of $3,000, to be paid in three

---

[1] (ECF Docket Entry ("D.E.") No. 23).

[2] (D.E. 18, Am. Compl.).

[3] *See* HUD-DC-5334-12

[4] *See* HUD-SC-2883-11

equal monthly installments.[5] The agreement further stipulated that should one party default as to the terms of the agreement, the aggrieved party was to file a certification with the Clerk of the New Jersey Superior Court requesting that judgment be entered in the amount of the original complaint.[6] It is undisputed that Mr. Bida failed to make the initial payment, or any payment required thereafter.[7]

On November 9, 2012, Ms. Johnson moved to enforce the settlement agreement using the Superior Court of New Jersey's preprinted certification form.[8] At the bottom of the court's preprinted form the following instruction appeared: "ANY OBJECTION TO THIS CERTIFICATION MUST BE FILED WITH THE CLERK OF THE SPECIAL CIVIL PART WITHIN 10 DAYS OF RECEIPT."[9] Mr. Bida was served with the certification on November 14, 2012, and per the pre-printed State Court certification, had until November 24, 2012 to respond. However, on November 15, 2012, a default judgment of $13,156.23 was "mistakenly entered against [Mr. Bida]," before the ten-day response period had expired. Mr. Bida's opposition papers were later received on November 20, 2012.[10]

Mr. Bida subsequently filed a motion to vacate the November 15, 2012 default judgment, arguing that the entry of judgment prior to the deadline for his opposition violated his constitutional

---

[5] (D.E. 11-1, Ex. A).

[6] *Id*.

[7] (D.E. 18, Am. Compl., at 2-3).

[8] (D.E. 11-1, Ex. C).

[9] *Id*.

[10] Transcript of Motion at 48-49, *Johnson v. Bida*, Docket Nos. DC-5334-12, DJ-268880-12 (N.J. Super. Ct. Law Div. April 5, 2013) (D.E. 26-2, Ex. J).

right to due process.[11] On April 5, 2013, the Honorable Francis Schultz of the Superior Court of New Jersey Civil Division, Special Civil Part held a hearing to review Mr. Bida's objections, and due to the premature entry of judgment, reviewed Mr. Bida's opposition to the judgment *de novo*.[12] Judge Schultz upheld the default judgment on the grounds that Mr. Bida had breached the terms of the settlement agreement without a valid excuse.[13] The Superior Court of New Jersey, Appellate Division affirmed the lower court's decision on appeal.[14]

> "The settlement agreement required that in the event of a breach, plaintiff [Ms. Johnson] had to inform her adversary that judgment equal to the amount of the initial complaint was sought. As evidenced by [Mr. Bida's] timely opposition papers, this notification took place. [Mr. Bida's] opposition was heard by Judge Schultz using the same standard of consideration as if it were heard before the premature entry of judgment. [Mr. Bida] was afforded all of the process due him."[15]

Mr. Bida's petition for certification was denied by the New Jersey Supreme Court.[16]

Mr. Bida filed the above captioned complaint on November 6, 2015.[17] On December 23, 2015, this Court dismissed the action without prejudice for failing to clearly plead what relief was

---

[11] Aff. of Gregory G. Diebold In Supp. of Def.'s Mot. For Summ. J. at ¶ 5, *Bida v. Johnson*, 2:15cv7952 (D.N.J. Aug. 30, 2016) (D.E. 23-2 at 2).

[12] Tr. of Mot., *supra* note 15 (D.E. 26-2, Ex. J).

[13] *Id*.

[14] *Johnson v. Bida*, 2013 W.L. 1846671 (N.J. Super. Ct. App. Div. 2013).

[15] *Id*. at 10.

[16] *Johnson v. Bida*, 223 N.J. 164 (2015).

[17] (D.E. 1).

being requested.[18] Mr. Bida filed an Amended Complaint on March 1, 2016.[19] The parties consented to magistrate judge jurisdiction[20] and a Second Amended Complaint was filed in which Mr. Bida argued that Ms. Johnson's certification to enforce their 2012 settlement agreement violated his Fifth and Fourteenth Amendment rights.[21] Ms. Johnson subsequently answered;[22] her Motion for Summary Judgment was later filed on August 30, 2016.[23] Mr. Bida filed his opposition to Ms. Johnson's motion on November 4, 2016.[24]

II.  **AUTHORITY**

Magistrate judges are authorized full authority over dispositive motions, the conduct of trial, and entry of final judgment, without district court review, upon consent by the parties and a referral from the district court.[25] A judgment entered by "a magistrate judge designated to exercise civil jurisdiction under [§ 636(c)(1)]" is to be treated as a final judgment of the district court, appealable "in the same manner as an appeal from any other judgment of a district court."[26] The

---

[18] (D.E. 6).

[19] (D.E. 11).

[20] (D.E. 17).

[21] (D.E. 18).

[22] (D.E. 19).

[23] (D.E. 23).

[24] (D.E. 26).

[25] 28 U.S.C. § 636(c)(1). *See Festival Fun Parks, LLC v. Mountain Creek Resort, Inc.*, 2015 WL 758467, at *5 (D.N.J. Feb. 23, 2015) (citing *Roell v. Withrow*, 538 U.S. 580, 585 (2003)).

[26] 28 U.S.C. § 636(c)(3).

parties consented to magistrate judge jurisdiction and the District Court referred this case to the undersigned to conduct all proceedings.[27]

### III. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[28] A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law."[29]

The moving party must show that if the record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof.[30] Once the moving party meets its initial burden, the burden then shifts to the non-moving party to set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions, or denials of its pleadings.[31] The non-moving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue."[32] If the non-moving party "fails to make a showing sufficient to establish the

---

[27] (D.E. 17).

[28] Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).

[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[30] *Celotex Corp.*, 477 U.S. at 322-23.

[31] *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001).

[32] *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325).

existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law.[33]

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"[34] In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.[35]

## IV. DISCUSSION

Ms. Johnson moves for summary judgment on the grounds that Mr. Bida's claims are barred by the *Rooker-Feldman* doctrine.[36] Mr. Bida claims violations of his rights to due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.[37] Additionally, he seeks judgment against Ms. Johnson "to reverse the State Trial Court's decision," vacate the $13,156.23 judgment, and reinstate the original settlement agreement of $3,000.[38]

---

[33] *Celotex Corp.*, 477 U.S. at 322-23.

[34] *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

[35] *Anderson*, 477 U.S. at 249.

[36] (D.E. 23-1, Def.'s Mot. for Summ. J. at 3-5).

[37] (D.E. 18, Am. Compl at 1-2).

[38] (*Id.* at 6).

### A. The *Rooker-Feldman* Doctrine Deprives This Court of Jurisdiction

Ms. Johnson contends that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.[39] *Rooker-Feldman* precludes subject matter jurisdiction over actions already litigated in state court.[40] Under the *Rooker-Feldman* doctrine, federal district courts are barred from hearing cases "that are essentially appeals from state-court judgments."[41] The jurisdictional bar extends to any claim "inextricably intertwined" with the state court adjudication.[42]

Four requirements must be met to apply the *Rooker-Feldman* doctrine: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."[43] "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim."[44]

As a preliminary matter, the Court notes that Mr. Bida should be well versed in the *Rooker-Feldman* doctrine. Mr. Bida previously brought claims against Ms. Johnson in this Court in 2012.[45] That complaint arose out of a Superior Court of New Jersey Law Division order that Mr.

---

[39] (D.E. 23-1, Def. Mov. Br. at 3-5)

[40] *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280 (2005).

[41] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).

[42] *See Desi's Pizza., Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 418 (3d Cir. 2003).

[43] *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (citing *Exxon Mobil*, 544 U.S. at 284).

[44] *Id*.

[45] *Bida v. Johnson*, No. 2:12cv6876 (D.N.J. April 30, 2013) (D.E. 1, Compl.).

Bida pay Ms. Johnson a six-month relocation fee.[46] On appeal, the Superior Court, Appellate Division affirmed the lower court's ruling.[47] Mr. Bida subsequently sought an order in this Court vacating the state court's rulings, and the Court dismissed the action based upon the *Rooker-Feldman* doctrine.[48]

With regard to the requisite elements, *Rooker-Feldman* again prohibits this Court from exercising jurisdiction over Mr. Bida's present claims. The record shows that Mr. Bida lost in state court by way of a judgment rendered before this federal action commenced.[49] The injuries that he asserts were caused by the state court judgment, and the constitutional injuries themselves were litigated[50] and affirmed on appeal by the New Jersey state courts.[51] Finally, Mr. Bida now invites federal judicial intervention to effectively review and reject the state court judgment.[52]

As stated, such review is barred by the *Rooker-Feldman* doctrine. Mr. Bida has failed to set forth specific facts that show his claims are not barred. His opposition to the motion for summary judgment[53] sets forth the same exact facts presented in his Second Amended

---

[46] *Id.*

[47] *Id.*

[48] *Id*. (D.E. 4, Mem. Order and Op.).

[49] (*See* D.E. 26, Pl.'s Mot. in Opp'n at 6-7).

[50] *See* Tr. of Mot, *supra* note 17.

[51] *See Johnson*, 2013 W.L. 1846671, at *10.

[52] (*See* D.E. 18, Pl.'s Second Am. Compl. at 6).

[53] (D.E. 26, Pl.'s Mot. in Opp'n at 4-6).

Complaint,[54] which are the same as those relied upon by Ms. Johnson in her present motion.[55] Mr. Bida has made no attempt to show that there are disputed material facts and in doing so he has failed to meet his burden to avoid summary judgment. Accordingly, Ms. Johnson is entitled to judgment as a matter of law.

### B. Mr. Bida's Claims Lack Subject Matter Jurisdiction

Mr. Bida's claims against Ms. Johnson are jurisdictionally deficient because they lack federal question or diversity jurisdiction. Federal courts have a duty to determine whether subject matter jurisdiction is properly pled in the claims presented before they may reach the merits of the case.[56] Such determination may be made either on motion by the parties or *sua sponte,* where the parties have not raised such issues themselves.[57] Federal courts have limited jurisdiction and may adjudicate cases and controversies only as permitted under Article III of the Constitution.[58] Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction.[59] The burden of demonstrating the existence of federal jurisdiction is on the party seeking to invoke it.[60]

---

[54] (D.E. 18 at 2-3).

[55] (D.E. 23-1 at 2-3).

[56] *See TM Marketing, Inc. v. Art & Antiques Assoc., L.P.*, 803 F.Supp. 994, 997 (D.N.J. 1992).

[57] *See id*.

[58] *See* U.S.CONST. art. III, § 2; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998).

[59] *See Ridge*, 150 F.3d at 323 (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

[60] *See Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)).

Federal courts have the mandate to exercise: (a) federal question jurisdiction over "issues arising under the Constitution, laws, or treaties of the United States;[61] and (b) diversity jurisdiction over disputes between citizens of different states.[62] A diversity claim requires a showing of complete diversity in the sense that "no plaintiff can be a citizen of the same state as any of the defendants."[63] Where there is no diversity of citizenship between the parties, as in this case, the propriety of subject matter jurisdiction turns on whether the case arises pursuant to a federal question. Under the "well-pleaded complaint" rule, a plaintiff's complaint must establish that the case "arises under" federal law within the meaning of Section 1331.[64]

Mr. Bida alleges his due process rights under the Fifth and Fourteenth Amendments were violated when the New Jersey state court enforced the settlement agreement prior to hearing his opposition. However, this Court finds that such claims are improperly alleged against Ms. Johnson. The due process protections afforded by the Fourteenth Amendment apply only to state actors, not private citizens such as Ms. Johnson.[65] Similarly, "the limitations of the [F]ifth [A]mendment restrict only federal governmental action and not the actions of private entities."[66]

---

[61] 28 U.S.C. § 1331

[62] *See* 28 U.S.C. § 1332

[63] *Midatlantic Nat'l Bank v. Hansen*, 48 F.3d 693 (3d Cir. 1995).

[64] *See Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 942 (3d Cir.1988).

[65] *See Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *see also Simmons v. Alston*, No. CIV.A. 08-1770 (MLC), 2008 WL 1995151, at *3 (D.N.J. May 2, 2008).

[66] *Nguyen v. United States Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983).

In the alternative, any attempts to raise a claim against the Law Division or Appellate Division as entities are barred as these courts are not amenable to suit.[67] To the extent Mr. Bida's claims could be construed as asserting challenges against the state court judges, those claims are facially without merit and are barred by judicial immunity.[68] Furthermore, the claims against the State court judges, if any, are long since time barred by the applicable two-year statute of limitations.[69]

Because Mr. Bida has failed to demonstrate either complete diversity of the parties or a claim involving a federal question against Ms. Johnson, he has failed to meet his burden of demonstrating subject matter jurisdiction.

---

[67] *See Quern v. Jordan*, 440 U.S. 332 (1978).

[68] The doctrine of judicial immunity provides that judges are immune from suit for monetary damages arising from their judicial acts. *See Gallas v. Supreme Court of Pa,*, 211 F.3d760, 768 (3d Cir. 2000); *see also Mireles v. Waco*, 502 U.S. 9 (1991) (*per curiam*). To determine whether the judicial immunity doctrine applies, the Court must establish: (a) whether the judge's actions were "judicial" in nature; and (b) whether the judge acted in the "clear absence of all jurisdiction over the subject matter." *Stump v. Sparkman*, 435 U.S. 349, 356 n.6 (1978). Where a judge "was properly called to preside over [a litigant's court proceeding], there could be no basis for a presumption that [the judge] acted in the clear absence of all jurisdiction." *Peeples v. Citta*, 2012 U.S. Dist. LEXIS 52895, at *15 (D.N.J. Apr. 16, 2012) (internal quotation marks and citation omitted). An act is judicial in nature if "it is a function normally performed by a judge" and if the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Simply put, "an act does not become less judicial by virtue of an allegation" that such action is "unfair." *Gallas*, 211 F.3d at 769; *accord Stump*, 435 U.S. at 363 ("[d]isagreement with the action taken by the judge. . . does not justify depriving the judge of his immunity").

[69] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that all civil rights actions arising under 42 U.S.C. Section 1983 are to be governed by the state personal injury statute of limitations period). Therefore, it is the two-year statute of limitation for injuries to the person prescribed by N.J.S.A. 2A:14–2 which governs all Section 1983 claims, including those of the present suit. *See Brown v. Foley*, 810 F.2d 55, 56 (3d Cir.1987).

11

## V. CONCLUSION

For the foregoing reasons, this Court finds that there are no genuine issues of material fact and Ms. Johnson is entitled to judgment as a matter of law. Ms. Johnson's motion for summary judgment is **granted** and Mr. Bida's claims shall be dismissed in their entirety.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/19/2016 5:52:05 PM

Original: Clerk of the Court
cc: All parties
    File

Llirjan Bida
128 Myrtle Ave
Jersey City, NJ 07395