UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

April 21, 2017

**LETTER ORDER- OPINION**

Re:   [D.E. 29, Plaintiff's Informal Motion for Reconsideration]

   **Bida v. Johnson**
   **Civil Action No. 15-cv-7952 (SCM)**

Dear Litigants:

Before the Court is Plaintiff Ilirjan Bida's ("Mr. Bida") appeal of this Court's Order dated December 20, 2016, granting Defendant Sharon Johnson's ("Ms. Johnson") Motion for Summary Judgment.[1] Mr. Bida filed a brief appealing this Court's grant of summary judgement on January 24, 2017. The application will be treated as a motion for reconsideration.[2] Upon consideration of the papers submitted in support and those in opposition,[3] Mr. Bida's motion for reconsideration is **denied** for the reasons set forth herein.

Motions for reconsideration must be filed within fourteen (14) days "after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."[4] The Order was filed on December 20, 2016, but reconsideration was not filed until 35 days later on January 24, 2017.

---

[1] (ECF Docket Entry No. ("D.E.") 29, Pl.'s Br.).

[2] (D.E. 30).

3  (D.E. 31, Def.'s Resp.).

[4] L. Civ. R. 7.1(i).

While such motions must be filed within 14 days after the entry of the order or judgment,[5] "in deference to [a party's] *pro se* status . . . the Court may relax this strict deadline to prevent surprise or injustice."[6]

Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[7] To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[8] "A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted 'sparingly.'"[9]

Mr. Bida fails to demonstrate an intervening change in the controlling law, an availability of new evidence, or a clear error of law or fact in this Court's December 20, 2016 decision. Mr. Bida argues that summary judgment was improperly granted because there remain "disputed

---

[5] L. Civ. R. 7.1(i).

[6] *Martin v. Keitel*, No. 06-5798 (JLL), 2007 U.S. Dist. LEXIS 29000, at *1-2 (D.N.J. Apr. 18, 2007) (internal citations omitted). *See also* L. Civ. R. 7.1(i).

[7] *Gunter v. Township of Lumberton*, No. 07-4839, 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

[8] *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[9] *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (internal citations and quotations omitted.).

material facts."[10] He does not, however, identify new evidence or facts that would support his position and instead reiterates his prior argument, stated in his Opposition to Summary Judgment, that he suffered injustices in state court.[11] Mr. Bida does not dispute that the Court applied the *Rooker-Feldman* doctrine correctly, nor does he argue that this Court's analysis of his due process claims was incorrect.[12]

The Court finds that Mr. Bida has not presented new information or a compelling argument to warrant reconsideration of this Court's Order granting Ms. Johnson's Motion for Summary Judgment.

An appropriate Order follows:

**ORDER**

**IT IS** on this Friday, April 21, 2017,

1. **ORDERED** that Plaintiff Ilirjan Bida's motion for reconsideration is **DENIED** on the

---

[10] (D.E. 29, Pl.'s Br. at 10).

[11] (D.E. 29, Pl.'s Br. at 12-16).

[12] The Court does note that Mr. Bida does seemingly contest part of the Court's analysis on judicial immunity on the argument that 42 U.S.C. § 1983 would allow his claim to proceed against the state court judges identified in his briefs. (D.E. 29, at 11). Such argument is incorrect and improperly raised on motion for reconsideration. Judicial immunity is overcome in only two sets of circumstances, neither of which apply here. First, a judge is not immune from liability for "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). Second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Stump*, 435 U.S. at 356-357 (citing *Bradley v. Fisher*, 80, U.S. 335, 351 (1871)).

merits.



4/21/2017 3:55:23 PM

Original: Clerk of the Court
cc: All parties

c (via U.S. Mail):

Mr. Ilirjan Bida
128 Myrtle Avenue
Jersey City, NJ 07305